UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROY L. HOWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9977 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Roy Howell alleges in this suit that BNSF Railway Company fired him in retaliation for reporting an on-the-job-injury he suffered, in violation of Illinois common law. Howell also alleges that BNSF fired him because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, the Civil Rights Act of 1866 (as amended by the Civil Rights Act of 1991), 42 U.S.C. § 1981, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* Doc. 1. BNSF answered the race discrimination claims, Doc. 13, and moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the common law retaliatory discharge claim, Doc. 14. The motion is granted.

**Background**

On a Rule 12(b)(6) motion, the court must accept the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Howell's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014); *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Howell's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips*

1

*v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). The facts are set forth as favorably to Howell as those materials permit. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

From November 2008 to May 2013, Howell worked as a hostler truck driver at BNSF's intermodal facilities in Cook County. Doc. 1 at ¶¶ 7-9. A hostler truck driver "[d]rives trucks or tractors at vehicle parking or docking area to move, position, or park trucks or trailers." *Dictionary of Occupational Titles* § 909.663-010 (4th ed. 1991); *see* Doc. 1 at ¶ 9. In March 2013, Howell was injured in an on-the-job accident. Doc. 1 at ¶¶ 10-11. He reported the injury to his supervisors, who fired him in May 2013. *Id*. at ¶¶ 12-13.

## Discussion

BNSF has moved to dismiss the common law retaliatory discharge claim. Illinois is an at-will employment state, meaning that, as a general rule, "an employer may discharge an employee-at-will for any reason or for no reason." *Turner v. Mem'l Med. Ctr.*, 911 N.E.2d 369, 374 (Ill. 2009) (internal quotation marks omitted); *see Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 940 (7th Cir. 2002) (Illinois law). The Supreme Court of Illinois "has recognized the limited and narrow tort of retaliatory discharge as an exception to the general rule of at-will employment." *Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 492 (Ill. 1998). "To state a valid retaliatory discharge cause of action, an employee must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy." *Turner*, 911 N.E.2d at 374; *see*

2

*Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 628 (7th Cir. 2009); *Blount v. Stroud*, 904 N.E.2d 1, 9 (Ill. 2009); *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 877-78 (Ill. 1981).

BNSF argues that Howell has not adequately pleaded the third element, that his "discharge violate[d] a clear mandate of public policy." Doc. 14 at 3-7. "[A] review of Illinois case law reveals that retaliatory discharge actions have been allowed in two settings: where an employee is discharged for filing, or in anticipation of filing, a claim under the Workers' Compensation Act; or where an employee is discharged in retaliation for the reporting of illegal or improper conduct, otherwise known as 'whistleblowing.'" *Michael v. Precision Alliance Grp., LLC*, 21 N.E.3d 1183, 1188 (Ill. 2014) (citation omitted); *see Jacobson*, 706 N.E.2d at 493 (same); *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000) ("Illinois law allows claims for retaliatory discharge when an employee is terminated for filing a workers' compensation claim or because the employee has reported the employer's criminal conduct, either to law enforcement personnel or to the company itself."); *Irizarry v. Ill. Cent. R.R. Co.*, 879 N.E.2d 1007, 1012 (Ill. App. 2007) (same); *Sutherland v. Norfolk S. Ry. Co.*, 826 N.E.2d 1021, 1026 (Ill. App. 2005) ("As the law presently stands, actions for retaliatory discharge have been sustained in only two situations: (1) where the discharge stems from exercising rights pursuant to the Workers' Compensation Act or (2) where the discharge is for 'whistleblowing' activities, namely, the reporting of illegal or improper conduct."). "Other than these two circumstances, however, Illinois courts consistently have refused to expand the tort to encompass a private and individual grievance." *Geary v. Telular Corp.*, 793 N.E.2d 128, 134 (Ill. App. 2003); *see Irizarry*, 879 N.E.2d at 1012 (same); *Wilke v. Salamone*, 404 F. Supp. 2d 1040, 1049 (N.D. Ill. 2005) (Illinois law) (same).

Howell does not allege that he was fired for exercising his rights under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq*. Nor could he, because that statute does not cover interstate railroad employees, whose exclusive remedy lies in the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. *See N.Y. Cent. R.R. Co. v. Winfield*, 244 U.S. 147, 149 (1917) ("Whether and in what circumstances railroad companies engaging in interstate commerce shall be required to compensate their employees in such commerce for injuries sustained therein are matters in which the Nation as a whole is interested and there are weighty considerations why the controlling law should be uniform and not change at every state line. It was largely in recognition of this that the Employers' Liability Act was enacted by Congress.") (citation omitted); *S. Buffalo Ry. Co. v. Ahern*, 344 U.S. 367, 374 (1953) (Douglas, J., dissenting) (describing *Winfield* as having held that "the remedy for personal injuries suffered by employees of interstate railroad carriers is regulated both inclusively and exclusively by the federal Act, … no room is left for state regulation, [and] even though the injury on which the claim is based is not attributable to negligence and therefore may not be compensated for under the federal Act, nevertheless a state may not afford a remedy"); *Schadel v. Iowa Interstate R.R., Ltd.*, 381 F.3d 671, 676 (7th Cir. 2004) (same); *Hines v. Indus. Comm'n*, 129 N.E. 175, 176 (Ill. 1920) ("Where an injury occurs to an employee while engaged in interstate commerce, there is no choice of remedy. The remedy under the federal Employers' Liability Act is exclusive and all state laws covering the same character of facts are superseded.") (citation omitted); *Sutherland*, 826 N.E.2d at 1024 ("The parties agree that, as a railroad employee, Sutherland was covered by the FELA, which provides the sole remedy for workplace injuries to the exclusion of the Workers' Compensation Act.") (citation omitted).

Illinois courts have consistently held that workers alleging that they were terminated for asserting rights under FELA, as opposed to the Illinois Workers' Compensation Act, may *not* pursue a common law retaliatory discharge claim. *See Sutherland*, 826 N.E.2d at 1025 (holding that a common law retaliatory discharge tort is unavailable "where the discharge occurred either in anticipation or as a result of [the plaintiff's] filing a claim under the FELA"); *Irizarry*, 879 N.E.2d at 1014 (same); *see also Emery v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 880 N.E.2d 1002, 1007 (Ill. App. 2007) (same, and explicitly refusing to reconsider *Sutherland* and *Irizarry*). Anyway, Howell does not even allege that he was fired in retaliation for asserting his rights under FELA; to the contrary, he alleges only that he reported his workplace injury. Doc. 1 at ¶¶ 12-15, 17-22.

The analysis could stop here, because the above-cited cases are directly on point and explicitly preclude Howell's common law retaliatory discharge claim. But the court notes that, even were it to ignore *Sutherland*, *Irizarry*, and *Emery*, Howell has not adequately pleaded that he was fired for "whistleblowing," a term defined by Illinois courts as "the reporting of illegal or improper conduct." *Michael*, 21 N.E.3d at 1188; *see Robinson v. Alter Barge Line, Inc.*, 513 F.3d 668, 671 (7th Cir. 2008) (Illinois law) ("reported dangerous or illegal activities at work"). Reporting his own injury does not qualify as whistleblowing. *See Sutherland*, 826 N.E.2d at 1027 ("Norfolk Southern does not dispute that plaintiff reported to his supervisor his injury and what caused it. However, *this is not whistleblowing under Illinois law*.") (emphasis added). That is because, for purposes of the common law retaliatory discharge tort, "public policy concerns what is right and just and what affects the citizens of the State *collectively*," as opposed to individually. *Palmateer*, 421 N.E.2d at 878 (emphasis added). As explained by the Supreme Court of Illinois:

> Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, … a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed. …
>
> The cause of action is allowed where the public policy is clear, but is denied where it is equally clear that only private interests are at stake.

*Id*. at 878-79. Reporting a personal workplace injury falls squarely on the "purely personal" side of the divide, as it neither "affects the citizens of [Illinois] collectively" nor "strike[s] at the heart of a citizen's social rights, duties, and responsibilities." *Ibid*; *see Long v. Commercial Carriers, Inc.*, 57 F.3d 592, 595 (7th Cir. 1995) (Illinois law) ("only when such terminations would have a wide reaching effect on the public at large … do they reach the level of the narrowly crafted retaliatory discharge exception"); *Sutherland*, 826 N.E.2d at 1027 ("A whistleblower must allege that his or her discharge violated a clear mandate of public policy because the reported wrongful conduct or unsafe condition affected the health, safety or welfare of Illinois residents as a whole. Consequently, courts repeatedly have held that a railroad employee cannot qualify as a whistleblower under Illinois law simply because he or she reported his or her own injury and the condition that caused it.") (citations omitted); *Geary*, 793 N.E.2d at 134 (holding that public policy is not implicated by a "private and individual grievance").

Howell's only response is that "his discharge violated the statutory public policy as outlined in the Illinois Workers' Compensation Act and/or the Federal Rail Safety Act [("FRSA")], 49 U.S.C. § 20109," and that *Sutherland* and *Irizarry* "are distinguishable in that they failed to address the underlying public policy established by the FRSA." Doc. 22 at 4 (citation omitted). As noted, the Workers' Compensation Act cannot help Howell because he cannot claim its protection. And the FRSA actually works *against* Howell, for "one of the factors that a court considers in deciding whether to allow a retaliatory discharge claim is the existence of an adequate alternative remedy." *Stebbings v. Univ. of Chicago*, 726 N.E.2d 1136,

1141 (Ill. App. 2000); *see Brandon*, 277 F.3d at 943 ("Illinois courts have hinted in dicta that the claim *may* still be rejected if an adequate alternative remedy exists to vindicate the retaliatory discharge or otherwise to deter the activity that is inconsistent with public policy.").

"[The] FRSA prohibits railroad carriers from, among other things, discriminating against employees who 'notify, or attempt to notify, the railroad carrier … of a work-related personal injury.'" *Reed v. Norfolk S. Ry. Co.*, 740 F.3d 420, 421 (7th Cir. 2014) (ellipses in original) (quoting 49 U.S.C. § 20109(a)(4)); *see Norfolk S. Ry. Co. v. Perez*, 778 F.3d 507, 508 (6th Cir. 2015) (same); 49 U.S.C. §§ 20109(d), (e) (providing for enforcement actions and remedies). In other words, the FRSA is precisely the sort of "adequate alternative remedy" that would lead Illinois courts not to recognize Howell's retaliatory discharge tort. *See Fellhauer v. City of Geneva*, 568 N.E.2d 870, 876-77 (Ill. 1991) (holding that Illinois's official misconduct statute was a sufficient deterrent to mayoral misconduct, making a retaliatory discharge tort unavailable); *Leweling v. Schnadig Corp.*, 657 N.E.2d 1107, 1112 (Ill. App. 1995) (same, with respect to the federal Interstate Commerce Act); *Fowler v. Great Am. Ins. Cos.*, 653 F. Supp. 692, 698 (N.D. Ill. 1987) (Illinois law) ("To the extent that Fowler was harmed by Great American's conduct in refusing to renew insurance policies, his remedy of reporting that conduct to the Department of Insurance was adequate and available.").

In *United States ex rel. Rockey v. Ear Institute of Chicago, LLC*, 2015 WL 1502378 (N.D. Ill. Mar. 25, 2015), the court held that the plaintiff's common law retaliatory discharge claim could proceed despite the possible existence of a similar cause of action under the federal False Claims Act ("FCA"). *Id.* at *17. The *Rockey* plaintiff alleged that she had been fired for reporting suspected Medicare fraud to her supervisors—conduct that the Seventh Circuit in 2002 had held was *not* protected under the FCA, *see Brandon*, 277 F.3d at 943, but which the Seventh

Circuit in 2012 suggested *might be* protected by 2009 amendments to the FCA, *see Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 847-48 (7th Cir. 2012). *Rockey*, 2015 WL 1502378, at *17. Because *Halasa*'s assertion came in dicta, and because it did not explicitly overrule the relevant portion of *Brandon* (despite citing it), there remained a residual doubt—admittedly slight, but a doubt nonetheless—whether reporting misconduct to internal supervisors is protected by the FCA's amended anti-retaliation provision. *Ibid*. Accordingly, the court allowed the *Rockey* plaintiff's common law retaliation claim to proceed because, as in *Brandon*, it was "unclear" whether the plaintiff *actually* had a viable alternative remedy under the FCA. *Ibid*. Here, by contrast, there is no doubt whatsoever that the FRSA covers Howell's allegations, *see* 9 U.S.C. § 20109(a)(4) ("notify, or attempt to notify, the railroad carrier … of a work-related personal injury"); *Norfolk S. Ry. Co.*, 778 F.3d at 508; *Reed*, 740 F.3d at 421, and neither party argues to the contrary.

Howell argues that the FRSA is not an *adequate* remedy because it requires him to participate in an administrative proceeding that does not provide for a jury trial. Doc. 22 at 5. But *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), states that "the presence or absence of a jury as factfinder is basically neutral," *id*. at 332 n.19, and from that premise held that an SEC administrative proceeding, which did not provide for a jury, could serve as collateral estoppel in a subsequent lawsuit, *id*. at 331-32. *See Crowder v. Lash*, 687 F.2d 996, 1010 (7th Cir. 1982) (same). Necessary to *Parklane*'s conclusion is that the jury-less SEC proceeding was fair and adequate, 439 U.S. at 332; it follows that so, too, is a jury-less FRSA proceeding. *See Fowler*, 653 F. Supp. at 698 (holding that availability of state administrative insurance proceedings precluded a retaliatory discharge action); *cf. Fellhauer*, 568 N.E.2d at 876 (holding that a retaliatory discharge claim was precluded by a statute criminalizing the defendant's alleged

8

actions, even if the plaintiff had *no* civil remedy, let alone a jury-less one). Speaking of adequacy, the FRSA allows for recovery of attorney fees, *see* 29 U.S.C. § 20109(e)(2)(C), while the Illinois common law retaliatory discharge tort does not, *see In re Weinschneider*, 395 F.3d 401, 404 (7th Cir. 2005) ("Illinois follows the American rule, under which attorney fees are not available unless the parties have agreed to them or a statute provides for them."), which suggests that FRSA's remedy is not only adequate but possibly superior to the common law remedy.

The court is mindful that had Howell opted to pursue a claim under the FRSA, he would have been precluded from pursuing remedies under any other law. *See* 29 U.S.C. § 20109(f) ("An employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier."); *Reed*, 740 F.3d at 424-25. But that does not render the FRSA inadequate; if anything, allowing a retaliatory discharge claim to proceed because of an alleged FRSA violation (and therefore, according to Howell, a concomitant violation of Illinois's public policy) would countenance a perverse end around the FRSA's election-of-remedies provision. *See Stebbings*, 726 N.E.2d at 1141 ("The tort of retaliatory discharge was not intended to serve as a substitute means for enforcement of particular laws.").

Finally, Howell argues that the FRSA's 180-day statute of limitations makes its remedy inadequate *for him*, given that the deadline has long since passed. Doc. 22 at 5. The argument hardly merits a response; Howell's own failure to meet a filing deadline is not a valid reason to give him a second chance through the back door of a common law retaliatory discharge claim.

**Conclusion**

BNSF's motion to dismiss Howell's common law retaliation claim is granted. Because the grounds underlying the dismissal would render futile any amendment or repleading, the dismissal is with prejudice.

June 4, 2015

United States District Judge